949 F.2d 404
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Herminigildo P. ESCOSIO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3342.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1991.
 
 Before PLAGER, CLEVENGER and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Herminigildo P. Escosio (Escosio) appeals the November 29, 1990 Initial Decision of the Administrative Judge (AJ) in Docket No. SEO8319010578, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on March 26, 1991. We dismiss for want of jurisdiction.
 
 OPINION
 
 2
 Escosio claimed eligibility for an annuity pursuant to 5 U.S.C. § 8333 (1988), which requires completion of at least five years of creditable civilian service ending with at least one of the last two years in a position covered under the Civil Service Retirement Act. See 5 U.S.C. § 8331, 8332, 8333 and 8338 (1988). His claim was denied by the Office of Personnel Management (OPM), and upheld by the AJ for lack of evidence of any primary documents or other corroborative evidence of civilian service necessary to sustain a claim under 5 U.S.C. § 8333.
 
 
 3
 We are bound to uphold the Board's decision unless we find it to be (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed, or (c) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Escosio bore the burden of proving, by a preponderance of evidence, his entitlement to an annuity. Cheeseman v. OPM, 791 F.2d 138, 140-41 (Fed.Cir.1987). The AJ found that Escosio provided only his "bare assertion" of civilian service, and that he thus had not met his burden of establishing entitlement to an annuity. Absent any evidence to support the claim of requisite civilian service, Escosio failed to meet his burden of proof. The law thus requires rejection by the Board of Escosio's claim of entitlement to an annuity.
 
 
 4
 Because Escosio's petition for review to this court was filed after the 30 day period for seeking judicial review, Congress has deprived us of jurisdiction to affirm the correct decision of the Board. 5 U.S.C. § 7703(b)(1) (1988); Monzo v. Dep't of Transp., 735 F.2d 1335, 1336 (Fed.Cir.1984).